**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PRC ACQUISITION, LLC, | ) | Case No. 19-23923-GLT |
| | ) | |
| Debtor. | ) | |
| _____ | ) | Docket No. |
| | ) | |
| ENTERPRISE BANK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Hearing Date: January 9, 2020 at 10:00 |
| v. | ) | a.m. |
| | ) | |
| PRC ACQUISITION, LLC, | ) | |
| | ) | Response Deadline: December 23, 2019 |
| Respondent. | ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, ADEQUATE PROTECTION PAYMENTS**

AND NOW comes Movant, Enterprise Bank, by and through its counsel, William M. Buchanan, Esquire and the law firm of Burns White, LLC, and files the following Motion for Relief from the Automatic Stay, or in the alternative, Adequate Protection Payments, averring as follows:

### I.    PARTIES

1. Movant is Enterprise Bank, a Pennsylvania financial institution with a principal business office located at 4091 Mount Royal Boulevard, Allison Park, Allegheny County, Pennsylvania 15101.

2. Respondent is the Debtor, PRC Acquisition, LLC d/b/a The Club Sport & Health, a Pennsylvania Limited Liability Company with a primary business address at 1 Racquet Lane, Monroeville, Allegheny County, Pennsylvania 15146. Debtor operates a health club business.

## II.     JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(b)(2) and 1334.

4. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

5. Venue is appropriate in this District pursuant to 28 U.S.C. §1409(a).

6. This Motion is brought pursuant to 11 U.S.C. §§362(d), 361, 363 and Federal Rules of Bankruptcy Procedure 4001 and 9014.

## III.     RELEVANT FACTS

7. On October 7, 2019, Debtor voluntarily filed bankruptcy under Chapter 11 of the United States Bankruptcy Code.

8. Movant is a secured creditor of Debtor, as more fully set forth hereafter.

### A.    *Commercial Transactions Between the Parties*

**(i). Loan No. xxxx192**

9. Movant and Debtor are parties to a Business Loan Agreement dated February 5, 2016 (hereinafter the "Business Loan Agreement" and/or "Loan No. 1"), pursuant to which Movant agreed to make a commercial loan to Debtor in the original principal amount of Two Million Three Hundred Thousand Dollars and 00/100 cents ($2,300,000.00). A true and correct copy of the Business Loan Agreement executed by Debtor's Manager, Mansoor Abdulla, is attached hereto as **Exhibit "A"** and is incorporated herein by reference as if fully set forth.

10. To evidence the Business Loan Agreement, Debtor, through its Manager, Mansoor Abdulla, made, executed and delivered to Movant a Promissory Note dated February 5, 2016 in the original principal amount of Two Million Three Hundred Thousand Dollars and

00/100 cents ($2,300,000.00) ("Note 1").  A true and correct copy of Note 1 is attached hereto as **Exhibit "B"** and is incorporated herein by reference as if fully set forth.

11. As security for the repayment of Note 1, Debtor, through its Manager, Mansoor Abdulla, executed, acknowledged and delivered to Movant that certain Open-End Mortgage and Security Agreement dated February 5, 2016 ("Mortgage 1"), granting a mortgage lien on the premises commonly known as 1 Racquet Lane, Monroeville, PA 15146 ("Property"), comprised of six parcels identified in the Allegheny County Tax Assessors office as Lot & Block No. 639-D-147, as more fully described in Mortgage 1 and its Exhibit A.  Mortgage 1 was duly recorded in the Department of Real Estate of Allegheny County on February 8, 2016 at Instrument No. 2016-8509, Mortgage Book Volume 46100, Page 341.  A true and correct copy of Mortgage 1, including a complete legal description of the mortgaged property, is attached hereto as **Exhibit "C"** and is incorporated herein by reference as if fully set forth.

12. As further security for the repayment of Note 1, Debtor, through its Manager, Mansoor Abdulla, executed, acknowledged and delivered to Movant that certain Commercial Security Agreement dated February 5, 2016 ("CSA 1"), granting a lien on all inventory, chattel paper, accounts, equipment, general intangibles and fixtures, whether owned at the time of the loan or acquired thereafter.  On February 9, 2016, Movant filed UCC Financing Statement Instrument No. 2016020901543 perfecting its lien interest. A true and correct copy of Commercial Security Agreement and UCC-Financing Statement are collectively attached hereto as **Exhibit "D"** and are incorporated herein by reference as if fully set forth.

**(ii). Loan No. xxxx200**

13. Movant and Debtor are also parties to a Construction Loan Agreement dated February 5, 2016 (hereinafter the "Construction Loan Agreement" and/or "Loan No. 2"),

pursuant to which Movant agreed to make a loan to Debtor in the original principal amount of Two Hundred Twenty Five Thousand Dollars and 00/100 cents ($225,000.00). A true and correct copy of the Construction Loan Agreement executed by Debtor's Manager, Mansoor Abdulla, is attached hereto as **Exhibit "E"** and is incorporated herein by reference as if fully set forth.

14. To evidence the Construction Loan Agreement, Debtor, through its Manager, Mansoor Abdulla, made, executed and delivered to Movant a Promissory Note dated February 5, 2016 in the original principal amount of Two Hundred Twenty Five Thousand Dollars and 00/100 cents ($225,000.00) ("Note 2"). A true and correct copy of Note 2 is attached hereto as **Exhibit "F"** and is incorporated herein by reference as if fully set forth.

15. As security for the repayment of Note 2, Debtor, through its Manager, Mansoor Abdulla, executed, acknowledged and delivered to Movant that certain Open-End Construction Mortgage and Security Agreement dated February 5, 2016 ("Mortgage 2"), granting a second mortgage lien on the premises commonly known as 1 Racquet Lane, Monroeville, PA 15146, comprised of six parcels identified in the Allegheny County Tax Assessors office as Lot & Block No. 639-D-147 and as more fully described in Mortgage 2 and its Exhibit "A." Mortgage 2 was duly recorded in the Department of Real Estate of Allegheny County on February 8, 2016 at Instrument No. 2016-8525 and in Mortgage Book Volume 46100, Page 425. A true and correct copy of Mortgage 2, including a complete legal description of the mortgaged property, is attached hereto as **Exhibit "G"** and is incorporated herein by reference as if fully set forth.

16. As further security for the repayment of Note 2, Debtor, through its Manager, Mansoor Abdulla, executed, acknowledged and delivered to Movant that certain Commercial Security Agreement dated February 5, 2016 ("CSA 2"), granting a lien on all inventory, chattel

paper, accounts, equipment, general intangibles and fixtures, whether owned at the time of the loan or acquired thereafter. On February 9, 2016, Movant filed UCC Financing Statement Instrument No. 2016020901541 perfecting its lien interest. A true and correct copy of Commercial Security Agreement and UCC-Financing Statement are collectively attached hereto as **Exhibit "H"** and are incorporated herein by reference as if fully set forth.

17. As further security for the repayment of Notes 1 and 2, Debtor, through its Manager, Mansoor Abdulla, executed, acknowledged and delivered to Movant two Assignments of Rent which were duly recorded in the Department of Real Estate of Allegheny County on February 8, 2016 at Instrument No. 2016-3546, Deed Book Volume 16281, Page 402 (as to Loan 1) and on February 8, 2016 at Instrument No. 2016-3547, Deed Book Volume 16281, Page 418 (as to Loan 2). The Assignments are attached hereafter as **Exhibits "I" and "J"** respectively and are incorporated herein as if set forth at length.

18. Pursuant to the Mortgages and Security Agreements executed by Debtor, Movant holds the first and second lien against Debtor's real and personal business property.

### B.    *Litigation Between the Parties*

19. Debtor defaulted on its obligations under the Loans, Notes, Security Agreements and Mortgages in failing to provide timely payments, in failing to keep the property to code, in failing to pay real estate taxes, in failing to make timely payments to secondary lienholders and in failing to provide financial records and financial statements. On August 2, 2018, Movant sent a Notice of Default and Notice to Cure to Debtor. A true and correct copy of the Notice of Default and Notice to Cure is attached as **Exhibit "K."**

20. Movant failed to cure the monetary and non-monetary defaults and thereafter Movant sought to enforce its default rights.

21. Movant confessed judgment under Notes 1 and 2 against the Debtor along and its guarantors in the Allegheny County Court of Common Pleas.

22. On October 18, 2018, Movant confessed judgment against Debtor on Note 1 at GD-18-013312 in the amount of $2,188,863.66 plus interest, costs and fees.

23. On October 19, 2018, Movant confessed judgment against Debtor on Note 2 at GD-18-013423 in the amount of $111,565.26 plus interest, costs and fees.

24. Movant also commenced a mortgage foreclosure action against Defendant at GD-013371 in the Court of Common Pleas of Allegheny County, which was at the summary judgment stage at the time of the filing of the instant bankruptcy.

25. On March 19, 2019, Movant filed a Praecipe for a Writ of Execution at case No. GD-18-013312 for sale of Debtor's real property and obtained a Writ of Execution in the amount of $2,188,863.66 plus interest in the amount of $91,810.67 and costs of $172.25.

26. A Sheriff's Sale of Debtor's real property at 1 Racquet Lane, Monroeville, Allegheny County, Pennsylvania 15146 was noticed and scheduled for June 3, 2019.

27. On May 30, 2019, Debtor filed an untimely Emergency Petition to Open or Strike the Confessed Judgment at GD-18-013312 and for Stay of Execution (the "Petition").

28. Debtor contended in its Petition and at emergency hearing that the amount of the confessed judgment was incorrect because of the potential for recovery by Movant of insurance proceeds related to roof damage at the property; however, Movant is the mortgagee payee on the insurance policy, and pursuant to the policy and underlying loan and mortgage documents, Movant was entitled to apply the insurance proceeds to Debtor's underlying debt or to repair the property, in its absolute discretion.

29. Despite contest of the Petition by Movant, the Allegheny County Court ordered a discovery period on the Petition.

30. Thereafter, Movant produced no evidence through discovery to support its Petition. The deposition of Debtor's owner, Yakoub Mahomed, was taken on September 19, 2019 by counsel for Movant relating to the Petition 2 and Mr. Mahomed admitted at his deposition to monetary and non-monetary defaults which supported the entry of the confessed judgment.

31. Contemporaneously, a Sheriff Sale was scheduled for October 7, 2019 by the secondary lien holder on Debtor's real property, Marc Alaia.

32. The instant bankruptcy was filed on the morning of the scheduled October 7, 2019 Sheriff's Sale and before any final judicial ruling on the Petition or Movant's pending Motion for Summary Judgment in the mortgage foreclosure action (the latter which had been scheduled for hearing on October 16, 2019).

### C. *Continued Default, Prior Appraisal and Relief Requested*

33. Debtor remains in monetary and non-monetary default. The loan is 139 days past due, with a default interest rate of ten (10) percent and per diem interest of $585.9421. As of the date of the bankruptcy filing and the instant Motion, owes the following sum:

*As of date of bankruptcy filing (October 7, 2019)*:

| | |
|---|---|
| Principal: | $2,107,846.39 |
| Interest: | $71,875.11 |
| Late Fees: | $2,488.77 |
| Collateral Care and Preservation: | $1,545.00 |

| | |
|---|---|
| Attorney Fees and Expenses: | $12,963.50 |
| **TOTAL:** | **$2,196,718.77** |

*As of November 27, 2019*:

| | |
|---|---|
| Principal: | $2,109,391.39 |
| Interest: | $101,736.27 |
| Late Fees: | $2,488.77 |
| Collateral Care and Preservation: | $3,141.50 |
| Attorney Fees and Expenses: | $20,773.00 |
| **TOTAL:** | **$2,237,530.93** |

34. Prior to consummating the commercial transactions with Debtor, on November 20, 2015, Movant obtained an appraisal of the Property at 1 Racquet Lane, Monroeville, PA 15146. A true and correct copy of the Appraisal is attached as **Exhibit "L."**

35. Although the Appraisal sets forth a value estimate range of $4,350,000 ("as is" value) to $4,650,000 ("as renovated" value assuming $300,000 of renovations over time), these values take into account a non-deteriorating and income-producing property.

36. Upon information and belief, the property condition has deteriorated, the property is without utility service, the property is not to Code and the Club does not have a viable membership to generate income. Thus, it is believed and averred that the Alternate Use Value range (which contemplates ceased operations and use conversion) of $3,563,362 to $3,575,000 is more appropriate given the totality of the circumstances.[1] Exhibit "L," pp. 83-84.[2]

---

[1] Movant does not admit that the Property is worth $3,563,362 to $3,575,000 and reserves the right to conduct an independent appraisal. Movant believes and avers that the Property may have less value than as set forth in the Alternate Use Value.

[2] Debtor values the property in the Petition as having a value of 3.8 million.

37. Further, this averment of diminished value is further supported by the deposition of Yakub Mahomed dated September 19, 2019. During his deposition, Mr. Mahomed testified to receiving an offer of 3.4 million for the property from Grace Life Church in June 2019[3], whereas he had received an offer of 4.5 million for the property in 2016 and an offer of 3.4 million for sale of the property in 2017. *See* Excerpts of Deposition of Yakub Mahomed attached as **Exhibit "M,"** pp. 30-31, 37-40.

38. Pursuant to Section 362(d)(1) and (2) of the Bankruptcy Code, Movant now requests relief from the automatic stay to: (a) exercise its legal and contractual right to foreclose, take possession of and liquidate the real property 1 Racquet Lane, Monroeville, Allegheny County, Pennsylvania 15146, along with relief from stay in order to proceed with fixing the fair market value and any deficiency; and (b) exercise its rights to take possession of and liquidate the Debtor's personal business property. In the alternative, Movant seeks adequate protection pursuant to 11 U.S.C. §§ 361, 363(e).

## IV.   RELIEF REQUESTED

### A.   Relief From the Automatic Stay Pursuant to 11 U.S.C. §362(d)(1)

39. Movant incorporates preceding paragraphs 1 through 38 as if set forth at length.

40. Pursuant to 11 U.S.C. §362(d)(1), on request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay by terminating, annulling, modifying, or conditioning such stay—

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

41. The Bankruptcy Code does not define "cause," so Courts must consider what constitutes cause based on the totality of the circumstances. *In re Wilson*, 116 F. 3d 87 (3rd. Cir.

---

[3] Per his testimony, Grace Life Church initially offered 4.1 million for the property in December 2018 but reduced its offer to 3.8 million and then 3.4 million due to the condition of the property.

1997). Courts may consider the policies reflected in the bankruptcy code along with the interests of the debtor, creditors and parties in interest. *In re Olayer,* 577 B.R. 464 (Bankr. W.D. Pa. 2017).

42. To weigh the debtor's interests against the movant's courts may consider the prejudice suffered should the stay be lifted, the balance of the hardships facing the parties and the probable success on the merits if the stay is lifted. *Olayer*, supra. at 471.

43. Here, the automatic stay should be lifted for cause on several grounds.

44. First, Debtor has no means to provide adequate protection to Movant and no means to reorganize. Upon information and belief, Debtor is no longer operating the business, or, if still operational, does not have sufficient income to reorganize and make adequate protection payments. Further, Movant has exercised its rights to assignment of rents prepetition, and therefore the same are not property of the estate. See *Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d 34 (3rd. Cir. 1993).

45. It should be noted that failure to provide adequate protection in itself is cause for relief from the automatic stay; however cause for relief from stay may exist even if a Debtor can provide adequate protection. *In re Schaffer*, 597 B.R. 777 (Bankr. E.D. Pa. 2019), citing *In re Porter,* 371 B.R. 739, 745 (Banrk. E.D. Pa. 2007) and *In re Merchant*, 256 B.R. 572 (Bankr. W.D. Pa. 2000).

46. Second, Debtors ongoing defaults with respect to failure to pay real estate taxes, failure to make payment to its lienholders, failure to maintain its property in working condition and failure to meet compliance with code are continually eroding the value of the property and any equity cushion in Movant's collateral. If a creditor is secured, a slim and eroding cushion is sufficient to establish cause. *Olayer*, supra. at 471.

47. Further, Debtor's owner, Yakub Mahomed, testified on September 19, 2019 that Debtor had let its commercial / property insurance lapse in violation of its loan covenants with Movant and it is unknown at this time if Debtor has obtained a sufficient insurance policy to cover Movant's collateral. *See* Exhibit "M," p. 20. Movant can only force place insurance of $2,000,000.00, which is not sufficient to cover Movant's underlying debt.

48. Additionally, Debtor has failed to honor affirmative covenants to provide tax returns and financial information to Movant as required under the loan documents, despite the Notice of Default mailed in August of 2018.

49. Third, "cause" may include the bad faith filing of a bankruptcy petition where a Debtor has no intention of effectuating a realistic plan of reorganization. *In re Merchant*, supra., *In re Schaffer*, supra. (facts that would justify dismissal of a bankruptcy case also generally constitute cause for granting relief form stay under §362(d)(1)); see also *In re SGL Carbon Corp.*, 200 F. 3d. 154 (3rd. Cir. 1999) (a Chapter 11 Petition is not filed in good faith unless it serves a valid reorganizational purpose).

50. To determine bad faith, the Court must examine the totality of the circumstances and factors, including but not limited to whether the petition serves a valid bankruptcy purpose and if the petition was merely filed to obtain a tactical litigation advantage. *In re Schaffer*, supra. at 791, citing *In re Gray*, No. 06-927, 2009 WL 2475017 (Bankr. N.D. WV 2009) and *In re Mattera*, 05-39171, 2006 WL 4452834 (Bankr. D.N.J. 2006).

51. Debtor filed an emergency, untimely Petition to strike or open Movant's Confessed Judgment and stay execution on the eve of the June 2019 Sheriff Sale (nearly 8 months after judgment was confessed) and thereafter engaged in frivolous litigation contesting

the Petition and foreclosure action of Movant. Debtor then filed the instant bankruptcy on the eve of a second scheduled Sheriff Sale, all without any means to reorganize.

WHEREFORE Movant, Enterprise Bank, avers that cause exists for termination of the automatic stay under §362(d)(1) and respectfully requests the Court enter the attached proposed Order granting it relief from the automatic stay to (a) exercise its legal and contractual right to foreclose, take possession of and liquidate the real property 1 Racquet Lane, Monroeville, Allegheny County, Pennsylvania 15146, along with relief from stay in order to proceed with fixing the fair market value and any deficiency; and (b) exercise its rights to take possession of and liquidate the Debtor's personal business property.

### B. Relief From the Automatic Stay Pursuant to 11 U.S.C. §362(d)(2)

52. Movant incorporates preceding paragraphs 1 through 51 as if set forth at length.

53. Pursuant to 11 U.S.C. §362(d)(2), on request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay by terminating, annulling, modifying, or conditioning such stay—

> **(2)** with respect to a stay of an act against property under subsection (a) of this section, if—
> **(A)** the debtor does not have an equity in such property; and
> **(B)** such property is not necessary to an effective reorganization;

54. To the best of Movant's knowledge to date, the known liens against Debtor's real property, without inclusion of any additional interest, fees and costs, include:

| | |
|---|---|
| Enterprise Bank: | $2,237,530.93 |
| Marc Alaia: | $89,718.25 per Writ of Execution (GD-18-008351) |
| Marc Alaia: | $465,676.62 per Writ of Execution (GD-18-008352) |
| Monroeville: | $34,372.73 (GD-18-007580) (Tax Lien) |
| Monroeville: | $11,880.00 (DTD-17-005152) (Tax Lien) |
| Gateway School District: | $128,004.81 (DTD-19-068220; DTD-18-061925; DTD-17-057970) (Tax Lien) |
| Allegheny County: | $37,432.39 (GD-19-003005) (Tax Lien) |
| Metro Public Adjustment: | $31,317.74 (GD-19-007874) (Judgment) |

|  |  |
|---|---|
| Firestorm: | $220,980.47 (Debtor's Petition)(Potential Mechanic's Lien) |
| Kevin Soles: | $20,000.00 (Debtor's Petition) (Loan/Security Agreement) |
| **TOTAL:** | **$3,276,913.94** |

55. It is believed that the value of the real property and any personal property is less than the amount due and owing to Movant and that Debtor has no equity in Movant's collateral.

56. It is believed and averred that Debtor's real property is deteriorating in value given its condition and any equity cushion, if an equity cushion exists (which is denied), is also rapidly deteriorating.

57. Debtor is not utilizing the property to produce income as a health club and the property has continually deteriorated in value and equity due to actions of Debtor in failing to maintain the property, pay real estate taxes and pay its lienholders, mechanics and contractors.

58. Movant's collateral is not necessary for Debtor's reorganization, as Debtor is no longer operating, Movant has exercised its rights to assignments of rents prepetition and Debtor cannot feasibly reorganize. A finding that property is necessary to an effective reorganization requires a showing that there is a reasonable possibility of a successful reorganization within a reasonable time. *In re Indian Palms Associates, Ltd.*, 61 F. 3d 197 (3rd. Cir. 1995), citing *United Savings Association v. Timber of Inwood Forest*, 484 U.S. 365 (1988). Here, Debtor has no means to reorganize the health club in a reasonable time.

WHEREFORE Movant, Enterprise Bank, avers that cause exists for termination of the automatic stay under §362(d)(2) and respectfully requests the Court enter the attached proposed Order granting it relief from the automatic stay to (a) exercise its legal and contractual right to foreclose, take possession of and liquidate the real property 1 Racquet Lane, Monroeville, Allegheny County, Pennsylvania 15146, along with relief from stay in order to proceed with

fixing the fair market value and any deficiency; and (b) exercise its rights to take possession of and liquidate the Debtor's personal business property.

### C. Alternative Relief – Adequate Protection

59. Movant incorporates preceding paragraphs 1 through 58 as if set forth at length.

60. 11 U.S.C §361 authorizes the provision of adequate protection as required by §§362, 363 or 364[4].

61. 11 U.S.C §363(e) provides that at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the Court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

62. To the extent that the Court does not grant relief from the automatic stay, Movant requests adequate protection in the form of monthly payments sufficient to cure Debtor's default and to maintain ongoing monthly payments as they become due under the Assignments of Rents, Loans, Notes, Mortgages and Security Agreements, as well as any other relief resulting in the indubitable equivalent of Movant's secured interests.

WHEREFORE, Movant, Enterprise Bank, for all the reasons stated herein, respectfully requests this Court grant it relief from the automatic stay insofar as it affects the interests of the Debtor and the Bankruptcy Estate in the real property 1 Racquet Lane, Monroeville, Allegheny County, Pennsylvania 15146 and Debtor's personal business property, or in the alternative, Order sufficient adequate protection.

---

[4] Movant reserves all rights to request adequate protection under 11 U.S.C. §364.

                                                                             Respectfully submitted,

Date: December 2, 2019                          /s/ *William M. Buchanan*
                                                         William M. Buchanan, Esquire
                                                         PA I.D. No. 202843

                                                         BURNS WHITE LLC
                                                         Burns White Center
                                                         48 26th Street
                                                         Pittsburgh, PA  15222
                                                         P: (412) 995-3088
                                                         F: (412) 995-3300
                                                         wmbuchanan@burnswhite.com