**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**FILED**

**JAN 1 0 2020**

CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 19-23923-GLT |
| | : | |
| PRC ACQUISITIONS, LLC, | : | Chapter 11 |
| | : | |
| *Debtor*. | : | Regarding Dkt. Nos. 41 and 42 |
| | : | |
| | : | |
| ENTERPRISE BANK, | : | |
| | : | |
| *Movant*, | : | |
| | : | |
| v. | : | |
| | : | |
| PRC ACQUISITIONS, LLC, | : | |
| | : | |
| *Respondent*. | : | |

**ORDER (A) SETTING DISCOVERY AND PRETRIAL
DEADLINES AND (B) ESTABLISHING EVIDENTIARY HEARING DATE**

This matter is before the Court upon a *Motion for Relief from Stay* [Dkt. No. 41]

and a *Motion to Dismiss* [Dkt. No. 42] both filed by Creditor Enterprise Bank. After conducting a

hearing on January 9, 2020 to consider the matters and for the reasons stated on the record it is

hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1.     An evidentiary hearing on these matters is set for **March 13, 2020, at 10:00**

**a.m.** in Courtroom A, 54th Fl., U.S. Steel Tower, 600 Grant St., Pittsburgh, Pa. 15219.  Only two

hours have been set aside for this matter.  The parties are encouraged to present direct testimony

by way of affidavit if possible.  To the extent a party elects to introduce direct testimony by way

of affidavit or unsworn declaration pursuant to 28 U.S.C. § 1746, the parties shall meet and confer

prior to the scheduled trial date and resolve any evidentiary objections with respect to any such

affidavit or declaration.  To the extent a party desires to cross-examine any witness testifying by

way of affidavit or declaration, such witness must be produced at trial for cross-examination.

2.      Discovery for this matter shall commence immediately and shall close at

the end of the day on **February 12, 2020**.  Discovery requests shall be served so that responses

are due on or before the date that discovery closes.

3.      The parties shall meet and confer to discuss a resolution of this case and

shall cooperate in the preparation of the joint reports referenced in ¶ 4(a), as well as the exchange

of all documents incidental and related to the matter at issue.

4.      All of the following shall be completed on or before **February 18, 2020**:

a.      The parties shall jointly file (i) a *Joint Exhibit List* identifying all

exhibits each party will offer at the evidentiary hearing; and (ii) a *Stipulation of Facts* identifying

all undisputed facts on which the Court may rely when rendering its decision.  Objections to an

exhibit must be referenced on the *Joint Exhibit List*.  Exhibits that do not have an objection listed

on the *Joint Exhibit List* will be admitted without further testimony.  Any objections identified on

the *Joint Exhibit List* will be resolved by the Court prior to the admission of the contested exhibit.

No documents other than those listed as proposed exhibits on the *Joint Exhibit List* will be admitted

at the time of the evidentiary hearing unless counsel shows cause for their prior nondisclosure.

The mere inability to timely locate documents shall not constitute cause.

b.      Each party shall separately file the following documents related to

the presentation of their case: (i) a witness list; (ii) all exhibits proposed to be introduced at trial;

(iii) all expert reports (including a color copy of appraisal(s)), if any; and (iv) a pretrial

memorandum identifying any issues of law and contested issues of fact.

c.      Each party shall provide the Court with three courtesy copies of their

exhibits in three-ring binders, with each exhibit separately tabbed.[1]  Each exhibit page contained

---

[1]      Counsel shall be expected to provide additional copies to opposing counsel.  The rings on the binders shall not exceed three inches.

in the binder shall be consecutively numbered (*i.e.*, Bates stamped) in the lower right hand corner of each page of the collective exhibit documents, from the first page to the last page, independent of any exhibit identification numbers previously placed on a respective exhibit. The Movant shall identify their exhibits by letter, and the Respondent shall identify their exhibits by number.

5.      A final pretrial conference in this contested matter is set for **February 20, 2020, at 11:00 a.m.** in Courtroom A, 54th Fl., U.S. Steel Tower, 600 Grant St., Pittsburgh, Pa. 15219 for the purpose of formulating a plan for trial (including facilitating the admission of evidence), resolving any disputes that may have arisen during preparation for trial, and adjudging evidentiary matters. The parties also shall be prepared to discuss settlement at the final pretrial conference. Lead trial counsel for each party must attend the final pretrial conference.

6.      In addition to the instructions set forth in this *Order*, the parties shall comply with the Court's general procedures as set forth on its webpage at http://www.pawb.uscourts.gov/glt-proc.htm, including the pretrial forms provided therein.

7.      The failure of any party to comply with the terms of this *Order* may result in the imposition of sanctions, including without limitation the prohibition against such party from offering testimony at the evidentiary hearing and/or the entry of judgment against them.

Dated: January 10, 2020

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Case Administrator to mail to:
Debtor
Debtor's Counsel
William Buchanan, Esq.
Office of the U.S. Trustee