FILED
3/13/20 12:40 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 19-23923-GLT |
| | Chapter 11 |
| PRC ACQUISITIONS, LLC, | |
| | Related to Dkt. No. 92 |
| *Debtor.* | Hearing: March 19, 2020 at 10:00 a.m. |
| | Response: March 17, 2020 |

## ORDER TO SHOW CAUSE WHY THE CASE
## SHOULD NOT BE CONVERTED OR DISMISSED

The Debtor, PRC Acquisitions, LLC, filed this chapter 11 proceeding on October 7, 2019. The Debtor is a non-operating entity whose primary asset is a ten-acre parcel of real property in Monroeville, Pennsylvania. The Debtor filed for bankruptcy relief for the purpose of liquidating the property in an orderly sale process. Based on reports made to the Court, the Debtor's principal lives in Zimbabwe and cannot easily transfer money to the Debtor's counsel. He must route funds through Singapore before they can be wired to Pittsburgh. Due to the Debtor's lack of income and its need to adequately protect the property during any marketing or sale process, the Court ordered the Debtor's principal to advance $60,000 to the client trust account of the Debtor's counsel on or before February 28, 2020. The funds were to be used to satisfy basic property maintenance expenses.[1] That advance never occurred and there is no indication it is forthcoming.

Based on representations to the Court, the roof of the Debtor's building has been damaged to the point where an insurer advanced $312,502.87 for repairs.[2] However, those repairs have not been completed, and the Court questions whether the property is deteriorating because of its unremediated condition.

---

[1]    Dkt. No. 73.

[2]    Dkt. No. 49-2.

Due to the lack of engagement the Debtor's principal has shown since the filing of this case and given his failure to comply with Court-imposed deadlines that were instituted to preserve the value of the Debtor's assets, the Court is compelled to either dismiss or convert the case to a proceeding under chapter 7. Because the estate may hold claims of some value which could dissipate if the case is dismissed, a hearing will be set on whether dismissal or conversion is more appropriate.

Based upon the foregoing, and for the reasons stated on the record, it is hereby **ORDERED, ADJUDGED,** and **DECREED**, that:

1. A hearing is scheduled for **March 19, 2020,** at **10:00 a.m.** in Courtroom A, U.S. Steel Tower, 54th Floor, 600 Grant Street, Pittsburgh, PA 15219. **The hearing shall be conducted telephonically.** Debtor's counsel shall appear telephonically and show cause why the Court should not convert the case to chapter 7 or dismiss the case due to the Debtor's failure to adhere to the Court's directives or otherwise establish that a feasible plan of reorganization is in prospect within a reasonable time.

2. The United States Trustee shall appear telephonically at the hearing.

3. On or before **March 17, 2020,** the Debtor may file any response to this *Order to Show Cause.*

4. Parties who wish to participate telephonically shall contact chambers for call-in information.

Dated: March 13, 2020

*[signature]* gsgJ
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Case administrator to mail to:
Debtor
Office of the U.S. Trustee